Arthur G. Klein, J.
Petitioner moves for confirmation of the award of the arbitrator and for judgment in accordance therewith. The proceeding arises out of a complaint of the petitioner union under a collective agreement between the union and the United Popular Dress Manufacturers’ Association, Inc. of which the respondent corporation was a member.
Paragraph ‘' Seventeenth ’ ’ of the collective agreement provides, inter alia, for payments by each member of three associations of manufacturers and jobbers in the dress industry to the *829 union’s health and welfare fund and retirement fund, and that if a member of the association manufactures garments for any person, firm or corporation not in contractual relation with the union such member shall be obliged to make the same payments to the union for the funds as the members of the associations of jobbers and manufacturers are required to pay.
Paragraph ‘ ‘ Fiftieth ’ ’ provides that all complaints, disputes and grievances arising between the parties shall be submitted in writing by the party claiming to be aggrieved to the other party, and the manager of the association and the manager of the union, or their deputies shall, in the first instance, jointly investigate same and attempt an adjustment; that decisions reached by the managers or their deputies shall be binding on the parties thereto; that should they fail to agree, the question in dispute shall be referred to a permanent umpire to be known as the “ Impartial Chairman ” in the industry, and his decision shall be final and binding upon the parties thereto. This paragraph further provides: “ In the event of a default by either party or any member thereof, in appearing before the Impartial Chairman, after due written notice shall have been given to the said party through the Association or Union of which he is a member, the Impartial Chairman is authorized to render a decision upon the testimony of the party appearing ’ ’.
The controversy herein is based upon the failure of the respondent dress corporation to make payments to the union’s health and welfare funds as required under the provisions of paragraph ' ‘ Seventeenth ’ ’ of the collective agreement. It appears that on March 20, 1957 the union filed a complaint with the associaion alleging that respondent had violated said paragraph of the agreement; that after the parties failed to adjust the dispute the complaint was first referred to the impartial chairman on July 22, 1957; and was adjourned to August 9, 1957, September 12, 1957 and October 14, 1957, respectively, and on the last date the hearing was held in the absence of the respondent which refused and failed to appear. On October 17, 1957 the impartial chairman awarded to the petitioner the sum of $798.97.
In an affidavit in opposition to this motion to confirm the award, Henry Like states that as a result of disputes in the internal management of the respondent H & L Dress Corp. he found that it would be more beneficial to him to withdraw from the respondent corporation and form his own business; that on August 20, 1957 a certificate of incorporation for Like Costumes, Inc. was filed with the Secretary of State and Harry Like became the president and sole stockholder thereof; that *830 Like Costumes, Inc. and the respondent H & L Dress Corp. are two different corporations, in no way connected with one another; that the petitioner seeks to impose the obligations of H & L Dress Corp. upon Like Costumes, Inc.; that “at the time the- Impartial .Chairman directed the hearing on the Union’s complaint to be held on October 14, 1957, I would not attend on said date and requested the Chairman to fix another date for such hearing.”
The petitioner union shows that it received a letter dated November 7, 1957 from the association readihg as follows: “ This is to advise you that the above firm (H. & L. Dress Corp.) has changed its name and is now trading as Like Costumes Inc. at the same address as of August 20, 1957 ”.
It further appears that Harry Like was the president of H & L Dress Corp. and is. now the president of Like Costumes, Inc.; that both corporations worked for the Lerner Shops as contractors in the manufacture of dresses, have their principal office for th'e transaction of business at the same address and are using- the same telephone number. It is clear from the papers that both corporations are one and the same. The respondent had full opportunity to present its objections to the arbitrator and refused to appear at the hearing on the final date set after three adjournments. The respondent may not be heard to complain and its objections are overruled in the light of-the foregoing facts. Motion is in all respects granted.
Settle order.